Bigelow, J.
This is a petition for damages for land taken under the act of 1846, c. 167, for supplying the city of Boston with pure water. Two objections are made to the right of the petitioner to maintain his petition. The first is, that there was no taking of the land, within the meaning of the act, during the lifetime of the intestate. This objection rests on the ground, that there can be no taking of land for the pur *276 poses contemplated in the act, until a description of the land taken, as required by § 1, is filed in the office of the register of deeds; and that, in this case, such description not having been filed until after the death of the intestate, although the land was actually entered upon and taken by the respondents in her lifetime, the right to recover damages belongs to he? heirs and not to her administrator.
The decision of this question depends upon the construction to be given to the provision of the act under which these proceedings are had, regulating the recovery of damages for land taken. The first section authorizes the city to take and hold lands by purchase or otherwise, for the purpose of constructing and maintaining their aqueduct, and requires that they “ shall, within sixty days from the time they shall take any lands, or ponds or streams of water, for the purposes of this act, file in the office of the registry of deeds for the county where they are situated, a description of the lands,” &c. so taken. By § 6 it is provided, that the owner of any land, &c,, which shall be taken for the purposes of the act, may apply by petition to the court of common pleas for damages, within three years from the taking of such land.
It seems to us that the meaning of these provisions is quite too clear to admit of any question. It is the taking of the land which gives the party injured a right to damages. By § 1, the taking of the land, and the filing of a description of it in the registry of deeds, are two separate and distinct acts. The former must precede the latter. The taking is first to be made, and within sixty days after it, the description is to be filed. It is difficult to see how, under this explicit provision, the filing of the description of the land taken can be made the taking itself. The act of taking is to be first accomplished, and after it is done, the evidence of it, in the form of a description, is to be filed in the registry of deeds. Such seems to be the natural import of the language of the statute. Besides; there might be a very great practical difficulty in holding, that there was no taking of the land, until a description of it had been filed. If the respondents should, from any cause, neglect or omit to file it, the owner of the *277 land would then be deprived of the remedy which the statute intended to give him. His land might be entered upon and actually appropriated by the respondents, without any right on his part to seek compensation under the statute, until they saw fit to file the description. We cannot think that the legislature intended to place the rights of the citizen so entirely in the hands of the respondents.
It seems to us, therefore, that by the provision of the statute, requiring a description of the land taken to be filed in the registry of deeds, it was not intended to constitute that filing the act of taking, upon which the right of claiming damages was to depend, but only to furnish conclusive evidence of it. It does not exclude other evidence of the fact, but affords a ready and precise mode of proving it. It was intended to be a formal assertion of right to the property on the part of the respondents, notorious and authoritative, by which the respective rights of the respondents and of the owner of the land should ever after be ascertained, defined and governed. That, when filed, it would amount to a taking, so as to authorize a petition for damages under § 6, without proof of an actual entry or appropriation, there can be no doubt. The respondents would then be estopped from denying the taking. Perhaps, too, it would fix the time whence the three years, within which an application for damages under § 6 must be filed, are to be reckoned, as was held in the case of railroads. Charlestown Branch Railroad v. County Commissioners, 7 Met. 78. But that it is the only proof of taking under the statute, or that evidence of an actual entry and appropriation by the respondents, in the absence of any such filing, would not entitle the party injured to maintain a petition for damages, seems to us to be an interpretation of the statute unwarranted by any sound rule of construction. Davidson v. Boston & Maine Railroad, 3 Cush. 91, 106.
The second objection to the right of the petitioner to maintain his petition is, that the injury complained of having been done to the realty, the claim for damages should be made by the heirs, and not by the administrator. The decisive answer *278 to this objection is, that the right to damages for land taken for public purposes accrues and takes effect at the time of the taking, although it may be ascertained and declared after-wards. Boynton v. Peterborough & Shirley Railroad, 4 Cush. 467. By the act of taking, the title of the owner of the land is divested, and that of the respondents is created, and all that is left to the former is his claim for compensation. In the present case, the land having been actually taken in the lifetime of the intestate, the claim for damages accrued to her; and her heirs derived no title from her to the land taken, except subject to the rights of the respondents.
It is further objected, that the right to apply for damages is given only to the owner of the land, and does not survive to the personal representatives; and that, therefore, the petitioner in this case, as administrator, cannot maintain his petition for their recovery. But this objection proceeds on the ground, that the taking of land for public purposes under the authority of the legislature, is in the nature of a tort to real property, an action for which did not survive at common law. But it bears a much more striking analogy to a purchase of land, when the consideration money remains unpaid; in which case, the executor or administrator could well maintain an action for its recovery. 1 Chit. Pl. (6th Amer. ed.) 21, 78. Besides, if the executor or administrator cannot maintain a petition to recover damages sustained by the taking of land under this statute during the lifetime of the owner, there is no remedy by which the damages in such cases could be recovered; for, as we have already seen, they cannot be claimed by the heirs. The right on the part of the intestate to the damages is in the nature of a chose in action, and can be enforced by the personal representative of the deceased.
The objection founded on the statute of frauds cannot prevail. This is not a claim upon a contract in the sense of that statute. Besides; the statute under which the land was taken gives the precise remedy.
For these reasons, we are of opinion that the petitioner can well maintain his petition, and that the evidence of an actual *279 entry upon and taking of the land, in the lifetime of the intestate, by the respondents, was competent, and should have been admitted. Exceptions sustained.